WELCH, J.,
dissenting.
I respectfully disagree with the majority opinion. Based on the record before us, it is impossible to determine whether Gwendolyn M. Buford, a convicted sex offender, is entitled to earn good time or not. Pursuant to 1999 La. Acts, No. 1209, which amended La. R.S. 15:537, sex offenders are indeed prohibited from earning good time on a sentence for offenses that occurred after the Act’s effective date of August 15, 1999. However, 1975 La. Acts, No. 727, 1977 La. Acts, No. 633, and 1991 La. Acts, No. 138 allowed inmates to earn good time at. the rate of 30 days for 30 days in actual custody, although in 1995, and effective January 1, 1997, this period was amended to 3 days of good time for 17 days in actual custody for inmates convicted for the first time of a crime of violence. See 1995 La. Acts, No. 1099.
With regard to eligibility for good time, following Massey v. Louisiana Department of Public Safety and Corrections, 2013-2789 (La.10/15/14) 149 So.3d 780, 783, the issue that must be determined is “When did the act or acts occur?” The only evidence contained in this record regarding dates of the acts or offenses by Buford is the grand jury indictment, which indicates the acts or offenses occurred “from 1990 until the summer of 1999.” A grand jury indictment is only an allegation or accusation of the offense charged and does not constitute proof of the facts contained therein. See generally La.C.Cr.P. art. 444, 464. Gwendolyn Buford was fully tried and convicted. As such, a record was developed and a determination can be made as to when the acts or offenses occurred. If any act or offense occurred on or after January 1, 1997 or August 15, 1999, then the correct result could be determined regarding the issue of good time.
Accordingly,-this matter should be remanded .to the district court so that a review of the criminal trial record and/or a hearing can be- held to make a determination of the applicability of good time based on facts — not speculation.
Therefore, I respectfully dissent.